BRADLEY *et al.* v. BRADLEY.

1. **Evidence:** SPECIFIC PERFORMANCE. The sufficiency of evidence to establish a conveyance of real estate considered and determined

*Appeal from Wapello District Court.*

MONDAY, DECEMBER 17.

SUIT in equity to compel the conveyance of the legal title of certain real estate by the defendant to the plaintiffs. Judgment for plaintiffs and defendant appeals. The further necessary facts are stated in the opinion.

*Hendershott & Burton* for the appellant.

*S. W. Summers* for the appellee

Bradley v. Bradley.

COLE, J.— The plaintiffs, Octavia and Adelia, are mother and daughter, and are respectively the widow and

1. EVIDENCE: only daughter of Thomas W. Bradley, deceased. specific performance. Their claim is substantially but very succinctly this: That in 1849 Thomas W. Bradley, then living in Wapello county, Iowa, was embarrassed pecuniarily, and his real estate (the same now in controversy) had been sold under execution against him; that he wrote his brother, the defendant, Lorenzo D. Bradley, then and and now living in Portage county, Ohio, of his condition, and asked said defendant to assist him; that the defendant came to Iowa, and advanced for Thomas W. about four hundred and fifty dollars, which redeemed his lands from the execution sales and paid some other debts; that the legal title to said lands was then held by two other persons but in trust for Thomas W., and they, at his request, conveyed the same to the defendant; that afterward said defendant was repaid the money advanced by him for Thomas W. by a receipt or release executed by Thomas W. and his wife Octavia, to the said defendant for the amount of nine hundred and fifty dollars due Thomas W. from defendant, for Thomas W. Bradley's interest in his father's estate, all of which the defendant had received, and therefor was liable to Thomas W. for the amount specified in said receipt; that the defendant, being thus repaid, was bound by his contract and by law and equity to reconvey said real estate to the plaintiffs, who are the only heirs at law of Thomas W. Bradley now deceased.

The defendant, by his answer, makes no statement of facts upon which he relies for his defense, but meets the plaintiff's claim by a general denial simply. His claim, however, as made by his counsel in argument, is substantially but briefly this: That the defendant redeemed the lands for himself and paid therefor and on other debts for Thomas W. Bradley about eleven hundred dollars, and

took the title, by agreement, absolutely and in his own right, without any agreement, express or implied, to convey it back to Thomas W. or his heirs; that he owed nothing to Thomas W. on account of his father's estate, for that his father left no estate to be or which was received by him; that the money paid by him to and for Thomas W. has not been repaid, and that he is under no obligation, legal or equitable, to convey the land to plaintiff.

The evidence establishes that the defendant paid for Thomas W. about five hundred dollars; that at or about the time of such payment the legal title to the lands in controversy was conveyed by the two trustees to the defendant, at the request of Thomas W.; that after that was done, and probably in a few days or immediately, the receipt for nine hundred and fifty dollars was given by Thomas W. and Octavia Bradley to defendant, in full for Thomas W.'s interest in his father's estate; and, as to that interest, it only appears that the father conveyed, for the specified consideration of four thousand dollars, his homestead in Ohio to Lorenzo D. in 1837, and took from him, in part for such consideration, his bond, secured by mortgage on the estate conveyed, conditioned, among other things, for the payment to Thomas W. of nine hundred and fifty dollars; that in 1839, Lorenzo D. having sold the same property to another, the father gave a quit-claim deed thereto, wherein he expressly discharged Lorenzo D. from the performance of the bond and mortgage.

It is further established that in 1855 the defendant was again in Iowa, and then executed a paper called a *will*, disposing of the real estate in controversy, but which was duly acknowledged like a conveyance, and recorded, whereby he gave the said real estate to the plaintiff,

Adelia, but with a life estate therein, on certain condi-
tions, to Thomas W. and Octavia Bradley; that said real
estate has been in the possession of Thomas W. and
the plaintiffs all the time, and still is in their possession.
There is also proof that the defendant stated to different
persons that the property in controversy belonged to
Thomas W., and that he promised his brother, said
Thomas W., when his brother was on his death-bed,
that he (defendant) would convey the property to the
plaintiffs by deed.

Recognizing the well settled rule in all its force, that in
order to divest any person of the clear legal title to an
estate, the proof should be clear, satisfactory and conclu-
sive of the right thereto by the person claiming it, we are
nevertheless constrained to affirm the decree in this case.
We are, however, satisfied that alone the parol testimony
in this case of the declaration by defendant of the owner-
ship or right of his brother, Thomas W., to the property
in controversy, would not justify us, under the rule above
stated, in decreeing the title to be conveyed to the plaintiffs.
But the existence of certain facts, not dependent for their
proof upon human memory or integrity, bring the case
within the rule stated. They are the continued and
uninterrupted possession of the said Thomas W. and the
plaintiffs, under claim of right and title, of the property
in controversy for now full seventeen years; the execution,
delivery and acceptance of the receipt by Thomas W. to
the defendant, for an amount equal to about twice the
sum advanced, a portion of which was not then due from
defendant, and perhaps none of it legally enforceable; but
it is the fact of the giving, taking and holding of the
receipt, and the equity connected therewith, and the facts
as shown, which weigh — the execution, acknowledgment
and delivery of the paper called a will, whereby the defend-
ant manifested his recognition of the right of the benefi_

ciaries therein to the property.    These facts, together with the parol testimony, consistent with them and the plaintiff's claim, and inconsistent with the defendant's claim, lead us, despite the vulnerability to verbal or technical criticisms of portions of plaintiff's testimony, to order the affirmance of the judgment of the District Court.

The application to the District Court for rehearing does not present new matter sufficient to affect the result before attained ; nor do the rights of the plaintiffs, as decreed between them, afford any ground of complaint for defendant.

Affirmed.